UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUSAN LAMONTE                                          CIVIL ACTION

VERSUS                                                 NO: 07-7016

STATE FARM FIRE INSURANCE                              SECTION: J(3)
COMPANY, ET AL

**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion for Remand and for Costs, Expenses, and Attorneys' Fees (Rec. Doc. 8).**  This motion, which is opposed, was set for hearing on January 2, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be granted.

**Background Facts**

This action arises out of damages sustained during Hurricane Katrina.  Defendant State Farm Fire and Casualty Company ("State Farm") extended coverage to Plaintiff through a homeowner's policy with limits of $76,608 for building/dwelling, $7,661 for dwelling extension, and $57,456 for contents.

Plaintiff filed suit against State Farm in state court for

the Parish of Jefferson, alleging breach of contract and improper adjusting of Plaintiff's insurance claims.  Defendant subsequently removed pursuant to this Court's diversity jurisdiction.

### The Parties' Arguments

The parties agree that diversity exists, but disagree as to whether the matter in controversy exceeds the jurisdictional minimum of $75,000.

Plaintiff contends that the amount in controversy does not exceed $75,000.  Plaintiff has in fact stipulated in her petition that the damages sought amount to less than $75,000.[1]  Because State Farm had no objectively reasonable grounds to believe the removal was legally proper, Plaintiff argues that attorney's fees and expenses incurred in bringing the instant motion to remand should be awarded.

State Farm counters that Plaintiff does seek damages in excess of $75,000.  Plaintiff alleges that State Farm is liable for the full value of her policy, which exceeds $100,000.

---

[1] Plaintiff has included the following stipulations in her petition: (1) the total amount in controversy does not exceed $75,000, exclusive of interest and costs; (2) the total damages sought do not exceed $75,000, exclusive of interest and costs; (3) Plaintiff will not accept an amount that exceeds $75,000, exclusive of interest and costs; (4) Plaintiff will not amend the petition after one year to plead an amount in controversy in excess of $75,000 exclusive of interest and costs; (5) Plaintiff will not authorize anyone on her behalf to make such an amendment; and (6) Plaintiff's recovery is limited to an amount less than $75,000, exclusive of interest and costs.

Plaintiff also makes a claim for loss of use and seeks penalties and attorneys' fees pursuant to Louisiana Revised Statutes 22:658 and 22:1220.  Furthermore, as to the stipulations asserted in Plaintiff's petition, Defendant argues that Plaintiff has failed to offer a binding stipulation that she will not seek to enforce any Judgment that may be awarded in excess of $75,000.

## Discussion

**A.  Jurisdiction**

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction.  See 28 U.S.C. 1441(a).  Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. 1332(a)(1).  A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  The jurisdictional facts supporting removal are examined as of the time of removal.  Gebbia v. Walmart Stores, Inc., 233 F.2d 880, 883 (5th Cir. 2000).  When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough.  De Aguilar, 47 F.3d at 1412.  Alternatively, a defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount.  Id.

3

After a defendant has met its burden, a plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to a obtain a remand.  Id.  A defendant must do more than point to a state law that might allow a plaintiff to recover more than she pled.  Id.  The removal statutes should be strictly construed in favor of remand. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

In its opposition, State Farm's only argument in support of diversity jurisdiction is to refer to Plaintiff's policy limits and claim for penalties and attorneys' fees.  However, it is not clear from the face of the petition that Plaintiff is seeking an excess of $75,000.  Furthermore, State Farm has not provided any summary judgment type evidence to show that the $75,000 amount in controversy requirement is met.  Any attempt by State Farm to show that Plaintiff "could" obtain amounts in excess of $75,000 is insufficient to prove by a preponderance of the evidence that jurisdiction exists.  Considering that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand," this Court lacks diversity jurisdiction over this matter.  Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

**B. Attorney's Fees**

Under 28 U.S.C. 1447(c), a district court has discretion to

award costs and expenses, including attorney's fees, incurred as a result of the removal.  In exercising its discretion to impose such fees, courts are to consider the propriety of a defendant's removal.  See Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

In the instant case, Plaintiff provided six stipulations in her Petition which speak to the amount in controversy in her case.  In these stipulations, Plaintiff asserts that: (1) the total amount in controversy does not exceed $75,000, exclusive of interest and costs; (2) the total damages sought do not exceed $75,000, exclusive of interest and costs; (3) Plaintiff will not accept an amount that exceeds $75,000, exclusive of interest and costs; (4) Plaintiff will not amend the petition after one year to plead an amount in controversy in excess of $75,000 exclusive of interest and costs; (5) Plaintiff will not authorize anyone on her behalf to make such an amendment; and (6) Plaintiff's recovery is limited to an amount less than $75,000, exclusive of interest and costs.  Plaintiff has gone out of her way to make it clear that the amount in controversy fails to satisfy the jurisdictional threshold required for removal.  As a result, this Court determines that State Farm did not have "objectively reasonable grounds to believe the removal was legally proper." See Valdez v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000).  Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc.**

**8)** is hereby **GRANTED;** the above-captioned action is hereby **REMANDED** to the court from which it was removed.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Costs, Expenses, and Attorneys' Fees (Rec. Doc. 8)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's counsel is to submit a Statement of Costs and Fees incurred as a result of State Farm's improper removal to the Court not later than **Monday, April 14, 2008.**

New Orleans, Louisiana, this 25th day of March, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE